**BRYAN CAVE LEIGHTON PAISNER LLP**
Sharon Z. Weiss (State Bar No.: 169446)
sharon.weiss@bclplaw.com
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone:  (310) 576-2100
Facsimile:  (310) 576-2200

Olivia J. Scott (State Bar No. 329725)
olivia.scott3@bclplaw.com
1920 Main Street, Suite 1000
Irvine, CA 92614-7276
Telephone:  (949) 223-7000
Facsimile:  (949) 223-7100

Attorneys for Secured Creditor Azzure Capital, LLC

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>The Litigation Practice Group P.C.,<br><br>Debtor. | Case No.: 8:23-bk-10571-SC<br><br>Adv. Case No. 8:23-ap-01098-SC<br><br>Hon. Scott C. Clarkson<br><br>Chapter 11 case |
| OHP-CDR, LP, a Texas Limited Partnership and PURCHASECO 80, LLC, a Texas Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD A. MARSHACK, Chapter 11 Trustee and AZZURE CAPITAL, LLC, a New York Limited Liability Company<br><br>Defendants. | **DEFENDANT AZZURE CAPITAL, LLC'S ANSWER TO PLAINTIFFS OHP-CDR, LP'S AND PURCHASECO 80, LLC'S ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**STATUS CONFERENCE DATE**<br>Date:  December 6, 2023<br>Time:  11:00 a.m.<br>Place:  411 West Fourth Street<br>         Suite 5130/Courtroom 5C<br>         Santa Ana, CA 92701<br><br>Complaint Filed:  September 11, 2023<br>Trial Date:       Not yet assigned |

USA.609199396.2/POD

Defendant Azzure Capital, LLC ("Azzure") by and through its attorneys, answers Plaintiffs OHP-CDR, LP ("OHP-CDR") and PurchaseCo 80 ("PurchaseCo" together with "OHP-CDR" the, "Plaintiffs") Adversary Complaint ("Complaint"), as follows:[1]

**STATEMENT OF JURISDICTION, NATURE OF PROCEEDING AND VENUE**

1. With respect to the allegations made in paragraph 1 of the Complaint, Azzure admits that the Court has jurisdiction over this proceeding. Paragraph 1 of the Complaint also contains Plaintiffs' statement of consent to the entry of final orders, to which no response is required. To the extent a response is required, Azzure consents to the entry of final orders or judgments by this Court, if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Azzure admits the allegations in paragraph 2 of the Complaint.

3. Azzure admits the allegations in paragraph 3 of the Complaint.

**THE PARTIES**

4. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 4 of the Complaint, and on that basis denies.

5. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 4 of the Complaint, and on that basis denies.

6. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 4 of the Complaint, and on that basis denies.

7. Azzure admits in part and denies in part the allegations in paragraph 7 of the Complaint. Azzure is a limited liability company organized under the laws of the State of New York, but its principal place of business is in Brooklyn, New York.

**GENERAL ALLEGATIONS**

**A. LPG's Business**

8. Azzure admits the allegations in paragraph 8 of the Complaint to the extent that LPG purported to be a "law firm", that before the bankruptcy, provided consumer debt resolution services in the form of debt validation, consultation, and litigation defense. Azzure lacks the

---

[1] All capitalized terms not otherwise defined herein are used with the meaning assigned to them in the Complaint.

1
DEFENDANT AZZURE CAPITAL, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT
USA.609199396.2/POD

knowledge or information sufficient to form a belief about the remaining allegations in paragraph 8 of the Complaint, and on that basis denies.

9. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 9 of the Complaint, and on that basis denies.

10. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 10 of the Complaint, and on that basis denies.

11. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 11 of the Complaint, and on that basis denies.

12. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 12 of the Complaint, and on that basis denies.

13. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 13 of the Complaint, and on that basis denies.

**B. PurchaseCo's Purchase Of Receivables And OHP-CDR's Lien**

14. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 14 of the Complaint, and on that basis denies.

15. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 15 of the Complaint, and on that basis denies.

16. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 16 of the Complaint, and on that basis denies.

17. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 17 of the Complaint, and on that basis denies.

18. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 18 of the Complaint, and on that basis denies.

19. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 19 of the Complaint, and on that basis denies.

20. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 20 of the Complaint, and on that basis denies.

21. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 21 of the Complaint, and on that basis denies.

22. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 22 of the Complaint, and on that basis denies.

23. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 23 of the Complaint, and on that basis denies.

24. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 24 of the Complaint, and on that basis denies.

**C. LPG's Bankruptcy**

25. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 25 of the Complaint, and on that basis denies.

26. The Alter Ego Complaint, being a writing, speaks for itself with respect to the allegations made therein. To the extent a response is required, Azzure admits that the Alter Ego Complaint does make the allegations referenced in paragraph 26 of this Complaint.

27. The Alter Ego Complaint, being a writing, speaks for itself with respect to the allegations made therein. To the extent a response is required, Azzure admits that the Alter Ego Complaint does make the allegations referenced in paragraph 27 of this Complaint.

28. Azzure admits the allegations in paragraph 28 of the Complaint.

29. Azzure admits the allegations in paragraph 29 of the Complaint.

30. The Alter Ego Complaint, being a writing, speaks for itself with respect to the allegations made therein. To the extent a response is required, Azzure admits that the Alter Ego Complaint does make the allegations referenced in paragraph 30 of this Complaint.

**D. The Sale**

31. The Sale Motion, being a writing, speaks for itself with respect to the relief requested therein. To the extent a response is required, Azzure admits that the Sale Motion sought the relief referenced in paragraph 31 of this Complaint.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

USA.609199396.2/POD

32. The Sale Motion, being a writing, speaks for itself with respect to the allegations made in paragraph 32 of the Complaint. To the extent a response is required, Azzure admits that the Sale Motion made the statement asserted in paragraph 32 of the Complaint.

33. Azzure admits the allegation in paragraph 33 of the Complaint that OHP-CDR did file a *Limited Objection and Reservation of Rights Concerning the Trustee's Motion to Sell the Debtor's Assets* on or around July 19, 2023. However, on information and belief, Azzure denies the allegations asserted in that *Limited Objection* and restated in paragraph 33 of the Complaint.

34. The Sale Order, being a writing, speaks for itself, but to the extent a response is required, Azzure admits the allegations asserted in paragraph 34 of the Complaint.

35. The Sale Order, being a writing, speaks for itself, but to the extent a response is required, Azzure admits the allegations asserted in paragraph 35 of the Complaint.

36. Azzure admits the allegations in paragraph 36 of the Complaint.

37. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 37 of the Complaint, and on that basis denies.

**E. The Azzure Compromise**

38. Azzure admits the allegations in paragraph 38 of the Complaint.

39. Azzure admits the allegation in paragraph 39 that its Claim is based on a note dated February 7, 2023. Azzure lacks the knowledge or information sufficient to form a belief about the remaining allegations in paragraph 39 of the Complaint, and on that basis denies.

40. The Azzure Note, being a writing, speaks for itself, but to the extent a response is required, Azzure admits the allegations asserted in paragraph 40 of the Complaint.

41. Azzure admits the allegations in paragraph 41 of the Complaint.

42. The allegations in paragraph 42 of the Complaint represent legal conclusions, which do not require a response. To the extent a response is required, Azzure admits the allegation in paragraph 42 of the Complaint that BAE assigned its interest under the UCC-1 financing statement dated May 28, 2021 to Azzure, causing Azzure's lien to be secured ahead of all other liens filed after May 28, 2021.

43. The Cobalt Financing Statement referred to in paragraph 43 of the Complaint, being a writing, speaks for itself, but to the extent a response is required, Azzure admits the allegations therein.

44. The Cobalt Settlement referred to in paragraph 44 of the Complaint, being a writing, speaks for itself, but to the extent a response is required, Azzure admits the allegations therein.

45. The Cobalt-BAE Assignment referred to in paragraph 45 of the Complaint, being a writing, speaks for itself, but to the extent a response is required, Azzure admits the allegations therein.

46. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 46 of the Complaint, and on that basis denies.

47. Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 47 of the Complaint, and on that basis denies.

48. Azzure admits the allegations in paragraph 48 of the Complaint.

49. Azzure admits the allegations in paragraph 49 of the Complaint.

50. The adversary proceeding defined in paragraph 50 of the Complaint, being a writing, speaks for itself, and no response is required. To the extent a response is required, Azzure lacks the knowledge or information sufficient to form a belief about the allegations in paragraph 50 of the Complaint, and on that basis denies.

51. Azzure denies the allegations in paragraph 51 of the Complaint.

52. Azzure admits the allegation in paragraph 52 of the Complaint that Trustee filed the Azzure Compromise Motion seeking approval of the Azzure Compromise on August 16, 2023. On information and belief, Azzure denies the remaining allegations in paragraph 52 of the Complaint.

53. The opposition referred to in paragraph 53 of the Complaint, being a writing, speaks for itself, and no response is required. Moreover, the allegations in paragraph 53 of the Complaint represent legal conclusions, which do not require a response. To the extent a response is required, Azzure admits that OHP-CDR and PurchaseCo filed an objection to the Azzure

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1  Compromise Motion on August 30, 2023. On information and belief, Azzure denies the

2  remaining allegations in paragraph 53 of the Complaint.

3        54.      The reply in support of the Azzure Compromise Motion referred to in paragraph

4  54 of the Complaint, being a writing, speaks for itself, and no response is required. To the extent a

5  response is required, Azzure admits that the referenced reply was filed on the referenced date. On

6  information and belief, Azzure denies the remaining allegations in paragraph 54 of the Complaint.

## FIRST CLAIM FOR RELIEF

### Declaratory Relief

### Against Richard A. Marshack as Chapter 11 Trustee

10        55.      Azzure repeats, reallleges and incorporates herein every allegation contained in

11  paragraphs 1 through 54 of this Answer, with the same force and effect as though the allegations

12  were set forth herein.

13        56.      The allegations in paragraph 56 of the Complaint constitute a legal conclusion for

14  which no response is required and is not directed to defendant Azzure. To the extent a response is

15  required, Azzure lacks the knowledge or information sufficient to form a belief about the

16  allegations in paragraph 56 of the Complaint, and on that basis denies.

17        57.      The allegations in paragraph 57 of the Complaint constitute a legal conclusion for

18  which no response is required and is not directed to defendant Azzure. To the extent a response is

19  required, Azzure lacks the knowledge or information sufficient to form a belief about the

20  allegations in paragraph 57 of the Complaint, and on that basis denies.

21        58.      The allegations in paragraph 57 of the Complaint constitute a legal conclusion for

22  which no response is required and is not directed to defendant Azzure. To the extent a response is

23  required, Azzure lacks the knowledge or information sufficient to form a belief about the

24  allegations in paragraph 57 of the Complaint, and on that basis denies.

25  ///

26  ///

27  ///

28  ///

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

## SECOND CLAIM FOR RELIEF

### Declaratory Relief

### Against Richard A. Marshack as Chapter 11 Trustee and Azzure Capital, LLC

59. Azzure repeats, reallleges and incorporates herein every allegation contained in paragraphs 1 through 58 of this Answer, with the same force and effect as though the allegations were set forth herein.

60. Azzure denies the allegations in paragraph 60 of the Complaint.

61. Azzure denies the allegations in paragraph 61 of the Complaint.

62. Azzure denies the allegations in paragraph 62 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

*Proof of Claim Incorporated*

Azzure hereby adopts and incorporates by reference and pursuant to Federal Rule of Civil Procedure 10(c) all allegations and exhibits included in its Proof of Claim filed in the Debtor's main bankruptcy cases, as if fully restated herein.

### SECOND AFFIRMATIVE DEFENSE

*Failure to State a Claim*

Plaintiffs have failed to plead adequate, sufficient and plausible facts upon which relief may be granted or otherwise entitling Plaintiffs to relief.

### THIRD AFFIRMATIVE DEFENSE

*No Controversy*

As recognized in paragraph 24 of the Complaint, Plaintiffs filed their UCC-1 financing statement after Azzure's financing statement was filed, and so there is no controversy as to the priority of the parties' claims.

### FOURTH AFFIRMATIVE DEFENSE

*Law of the Case*

Under the Law of the Case Doctrine, a court will not reexamine an issue previously decided by the same or higher court in the same case. *U.S. v. Jingles*, 703 F.3d 494, 499 (9th Cir.

1  2012). As recognized in the Complaint, Trustee and Azzure entered into the Azzure Compromise

2  designating the priority of Azzure's claim in the above-captioned bankruptcy proceeding and filed

3  the Azzure Compromise Motion, seeking the Court's approval thereof. At the September 13, 2023

4  hearing, the Court approved the Azzure Compromise. Accordingly, and per the Law of the Case

5  Doctrine, the Court cannot for a second time address the issue of priority with respect to Azzure's

6  claim in the bankruptcy proceeding.

7      WHEREFORE, Azzure respectfully requests that judgment on each and all of the claims

8  set forth in the Complaint be entered in Azzure's favor and against Plaintiffs.

10  Dated: October 13, 2023        BRYAN CAVE LEIGHTON PAISNER LLP

12  By: */s/ Sharon Z. Weiss*
    Sharon Z. Weiss
    Attorneys for Secured Creditor Azzure Capital, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Bryan Cave Leighton Paisner LLP, 120 Broadway, Suite 300, Santa Monica, CA 90401-2386.

A true and correct copy of the foregoing document entitled: DEFENDANT AZZURE CAPITAL, LLC'S ANSWER TO PLAINTIFFS OHP-CDR, LP'S AND PURCHASECO 80, LLC'S ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 13, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Razmig Izakelian
  razmigizakelian@quinnemanuel.com

- Yosina M Lissebeck
  Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

- Richard A Marshack (TR)
  pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

- Ronald N Richards
  ron@ronaldrichards.com, 7206828420@filings.docketbird.com

- United States Trustee (SA)
  ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 13, 2023 | Raul Morales | /s/ Raul Morales |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**