QUINN EMANUEL URQUHART & SULLIVAN LLP
Eric D. Winston (SBN 202407)
ericwinston@quinnemanuel.com
Jeremy D. Andersen (SBN 227287)
jeremyandersen@quinnemanuel.com
Razmig Y. Izakelian (SBN 292137)
razmigizakelian@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for OHP-CDR, LP and PurchaseCo 80, LLC*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>Debtor. | Chapter 11<br><br>Case No. 8:23-bk-10571-SC<br><br>Adv. Proc. No. 8:23-ap-01098-SC<br><br>**ANSWER TO TRUSTEE'S COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Scott C. Clarkson |
| OHP-CDR, LP, a Texas Limited Partnership and PURCHASECO 80, LLC, a Texas Limited Liability Company,<br><br>Plaintiffs<br><br>v.<br><br>RICHARD A. MARSHACK, Chapter 11 Trustee and AZZURE CAPITAL, LLC, a New York Limited Liability Company.<br><br>Defendants. | |

Come Plaintiffs and Counter-Defendants OHP-CDR, LP ("OHP-CDR") and PurchaseCo80, LLC ("PurchaseCo" and with OHP-CDR, the "Plaintiffs"), and for their answer ("Answer") to the counterclaims filed by Richard A. Marshack, the Chapter 11 Trustee ("Trustee" or "Counterclaimant") for the bankruptcy estate ("Estate") of debtor The Litigation Practice Group P.C. ("Debtor" or "LPG") in the above-captioned bankruptcy case ("Bankruptcy Case"), respectfully state as follows:

**ANSWER**

1. In response to Paragraph 1 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required. Pursuant to Federal Rule of Bankruptcy 7012(b), Plaintiffs do not consent to entry of final orders or judgment by the Bankruptcy Court.

2. In response to Paragraph 2 of the Counterclaims, Plaintiffs admit the allegations contained therein.

3. In response to Paragraph 3 of the Counterclaims, Plaintiffs admit the allegations contained therein.

4. In response to Paragraph 4 of the Counterclaims, Plaintiffs admit the allegations contained therein.

5. In response to Paragraph 5 of the Counterclaims, Plaintiffs admit the allegations contained therein.

6. In response to Paragraph 6 of the Counterclaims, Plaintiffs admit the allegations contained therein.

7. In response to Paragraph 7 of the Counterclaims, Plaintiffs admit the allegations contained therein, except the allegation that the Trustee "bases these allegations based on investigations undertaken by himself and his counsel," as to which Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of such allegation and deny the same.

8. In response to Paragraph 8 of the Counterclaims, Plaintiffs state such paragraph contains statements or conclusions of law to which no response is required.

9. In response to Paragraph 9 of the Counterclaims, Plaintiffs admit that before the

1 | bankruptcy filing, LPG operated a law firm for consumers who sought assistance in contesting or resolving debts.  As to the remaining allegations in this paragraph, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of such allegations and deny the same.

10. In response to Paragraph 10 of the Counterclaims, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of such allegations and deny the same.

11. In response to Paragraph 11 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

12. In response to Paragraph 12 of the Counterclaims, Plaintiffs admit that LPG contracted with marketing companies to refer clients to LPG and agreed to pay the marketing affiliates a percentage of fees that LPG earned.  As to the remaining allegations in this paragraph, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of such allegations and deny the same.

13. In response to Paragraph 13 of the Counterclaims, Plaintiffs admit that LPG sought financing by, among other things, selling its future cash flow.  As to the remaining allegations in this paragraph, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of such allegations and deny the same.

14. In response to Paragraph 14 of the Counterclaims, Plaintiffs admit that LPG entered into transactions described as a "purchase of future receivables from LPG."  As to the remaining allegations in this paragraph, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

15. In response to Paragraph 15 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

16. In response to Paragraph 16 of the Counterclaims, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of such allegations and deny the same.

17. In response to Paragraph 17 of the Counterclaims, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of such allegations and deny the same.

18. In response to Paragraph 18 of the Counterclaims, Plaintiffs admit that on September 1, 2022, LPG, OHP, and Mario Azevedo entered into an Limited Liability Company Agreement

("LLC Agreement") for PurchaseCo. As to the remaining allegations in this paragraph, Plaintiffs refer to the LLC Agreement, which speaks for itself, and otherwise deny the allegations in this paragraph.

19. In response to Paragraph 19 of the Counterclaims, Plaintiffs refer to the LLC Agreement, which speaks for itself, and otherwise deny the allegations in this paragraph.

20. In response to Paragraph 20 of the Counterclaims, Plaintiffs refer to the LLC Agreement, which speaks for itself, and otherwise deny the allegations in this paragraph.

21. In response to Paragraph 21 of the Counterclaims, Plaintiffs refer to the LLC Agreement, which speaks for itself, and otherwise deny the allegations in this paragraph.

22. In response to Paragraph 22 of the Counterclaims, Plaintiffs admit that OHP-CDR advanced $10,240,348.40 in OHP Funding Capital. As to the remaining allegations in this paragraph, Plaintiffs refer to the LLC Agreement, which speaks for itself, and otherwise deny the allegations in this paragraph.

23. In response to Paragraph 23 of the Counterclaims, Plaintiffs admit that on September 8, 2023, OHP-CDR and PurchaseCo entered into an Omnibus Assignment and Assumption Account Receivable Purchase Agreement. As to the remaining allegations in this paragraph, Plaintiffs refer to the Omnibus Assignment, which speaks for itself, and otherwise deny the allegations in this paragraph.

24. In response to Paragraph 24 of the Counterclaims, Plaintiffs refer to the LLC Agreement, which speaks for itself, and otherwise deny the allegations in this paragraph.

25. In response to Paragraph 25 of the Counterclaims, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of such allegations and deny the same.

26. In response to Paragraph 26 of the Counterclaims, Plaintiffs admit that OHP-CDR removed LPG as manager of PurchaseCo on February 28, 2023. As to the remaining allegations in this paragraph, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of such allegations and deny the same.

27. In response to Paragraph 27 of the Counterclaims, Plaintiffs refer to the LLC Agreement and the Financing Statement, which speak for themselves, and otherwise deny the

allegations in this paragraph.

28. In response to Paragraph 28 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

29. In response to Paragraph 29 of the Counterclaims, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of such allegations and deny the same.

30. In response to Paragraph 30 of the Counterclaims, Plaintiffs state that this paragraph contains no new allegations and therefore a response is not required. To the extent a response is required, Plaintiffs incorporate all preceding paragraphs in this Answer.

31. In response to Paragraph 31 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

32. In response to Paragraph 32 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

33. In response to Paragraph 33 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

34. In response to Paragraph 34 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

35. In response to Paragraph 35 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

36. In response to Paragraph 36 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

37. In response to Paragraph 37 of the Counterclaims, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of such allegations and deny the same.

38. In response to Paragraph 38 of the Counterclaims, Plaintiffs refer to the LLC Agreement and Statement, which speaks for themselves, and otherwise deny the allegations in this paragraph.

39. In response to Paragraph 39 of the Counterclaims, Plaintiffs refer to the LLC Agreement, which speaks for itself, and otherwise deny the allegations in this paragraph.

40. In response to Paragraph 40 of the Counterclaims, Plaintiffs state that such paragraph

contains statements or conclusions of law to which no response is required.

41. In response to Paragraph 41 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

42. In response to Paragraph 42 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

43. In response to Paragraph 43 of the Counterclaims, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of such allegations concerning "numerous unsatisfied liens" and deny the same. The remainder of such paragraph contains statements or conclusions of law to which no response is required.

44. In response to Paragraph 44 of the Counterclaims, Plaintiffs admit that they objected to the Trustee's settlement with Azzure Capital, LLC and appealed the Bankruptcy Court's September 13, 2023 bench ruling regarding that settlement. Plaintiffs deny the remaining allegations in this paragraph.

45. In response to Paragraph 45 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

46. In response to Paragraph 46 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

47. In response to Paragraph 47 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

48. In response to Paragraph 48 of the Counterclaims, Plaintiffs state that this paragraph contains no new allegations and therefore a response is not required. To the extent a response is required, Plaintiffs incorporate all preceding paragraphs in this Answer.

49. In response to Paragraph 49 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

50. In response to Paragraph 50 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

51. In response to Paragraph 51 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

52. In response to Paragraph 52 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

53. In response to Paragraph 53 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

54. In response to Paragraph 54 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

55. In response to Paragraph 55 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

56. In response to Paragraph 56 of the Counterclaims, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegation that "The Recording happened while LPG was insolvent" and deny the same. As to remainder of the paragraph, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

57. In response to Paragraph 57 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

58. In response to Paragraph 58 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

59. In response to Paragraph 59 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

60. In response to Paragraph 60 of the Counterclaims, Plaintiffs state that this paragraph contains no new allegations and therefore a response is not required. To the extent a response is required, Plaintiffs incorporate all preceding paragraphs in this Answer.

61. In response to Paragraph 61 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

62. In response to Paragraph 62 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

63. In response to Paragraph 63 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

64. In response to Paragraph 64 of the Counterclaims, Plaintiffs state that such paragraph

1 contains statements or conclusions of law to which no response is required.

2     65.    In response to Paragraph 65 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

    66.    In response to Paragraph 66 of the Counterclaims, Plaintiffs state that such paragraph does not contain any allegations and therefore no response is required.  To the extent a response is required, Plaintiff denies the allegations in this paragraph.

    67.    In response to Paragraph 67 of the Counterclaims, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations and deny the same.

    68.    In response to Paragraph 68 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

    69.    In response to Paragraph 69 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

    70.    In response to Paragraph 70 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

    71.    In response to Paragraph 71 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

    72.    In response to Paragraph 72 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

    73.    In response to Paragraph 73 of the Counterclaims, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations and deny the same.

    74.    In response to Paragraph 74 of the Counterclaims, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations and deny the same.

    75.    In response to Paragraph 75 of the Counterclaims, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations and deny the same.

    76.    In response to Paragraph 76 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

    77.    In response to Paragraph 77 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

1    78.    In response to Paragraph 78 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

79.    In response to Paragraph 79 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

80.    In response to Paragraph 80 of the Counterclaims, Plaintiffs state that this paragraph contains no new allegations and therefore a response is not required.  To the extent a response is required, Plaintiffs incorporate all preceding paragraphs in this Answer.

81.    In response to Paragraph 81 of the Counterclaims, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations and deny the same.

82.    In response to Paragraph 82 of the Counterclaims, Plaintiffs admit on September 1, 2022, LPG, OHP, and Mario Azevedo entered the LLC Agreement and that OHP-CDR advanced $10,240,348.40 in OHP Funding Capital.  Plaintiffs deny any remaining allegations in this paragraph.

83.    In response to Paragraph 83 of the Counterclaims, Plaintiffs deny the allegations in this paragraph.

84.    In response to Paragraph 84 of the Counterclaims, Plaintiffs refer to the Omnibus Assignment, which speaks for itself, and otherwise deny the allegations in this paragraph.

85.    In response to Paragraph 85 of the Counterclaims, Plaintiffs refer to the Omnibus Assignment, which speaks for itself, and otherwise deny the allegations in this paragraph.

86.    In response to Paragraph 86 of the Counterclaims, Plaintiffs refer to the Omnibus Assignment, which speaks for itself, and otherwise deny the allegations in this paragraph.

87.    In response to Paragraph 87 of the Counterclaims, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations and deny the same.

88.    In response to Paragraph 88 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

89.    In response to Paragraph 89 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

90.    In response to Paragraph 90 of the Counterclaims, Plaintiffs state that such paragraph

contains statements or conclusions of law to which no response is required.

91. In response to Paragraph 91 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

92. In response to Paragraph 92 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

93. In response to Paragraph 93 of the Counterclaims, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations and deny the same.

94. In response to Paragraph 94 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

95. In response to Paragraph 95 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

96. In response to Paragraph 96 of the Counterclaims, Plaintiffs state that this paragraph contains no new allegations and therefore a response is not required. To the extent a response is required, Plaintiffs incorporate all preceding paragraphs in this Answer.

97. In response to Paragraph 97 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

98. In response to Paragraph 98 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

99. In response to Paragraph 99 of the Counterclaims, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations and deny the same.

100. In response to Paragraph 100 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

101. In response to Paragraph 101 of the Counterclaims, Plaintiffs state that such paragraph contains statements or conclusions of law to which no response is required.

102. In response to Paragraph 102 of the Counterclaims, Plaintiffs state that this paragraph contains no new allegations and therefore a response is not required. To the extent a response is required, Plaintiffs incorporate all preceding paragraphs in this Answer.

103. In response to Paragraph 103 of the Counterclaims, Plaintiffs admit that on May 25,

1  2023, OHP-CDR filed a proof of claim that is on the Court's Claim Register as Claim No. 44-1.

2        104.    In response to Paragraph 104 of the Counterclaims, Plaintiffs refer to the Claim,
3  which speaks for itself, and otherwise deny the allegations in this paragraph.

4        105.    In response to Paragraph 105 of the Counterclaims, Plaintiffs refer to the Claim,
5  which speaks for itself, and otherwise deny the allegations in this paragraph.

6        106.    In response to Paragraph 106 of the Counterclaims, Plaintiffs state that such
7  paragraph contains statements or conclusions of law to which no response is required.

8        107.    In response to Paragraph 107 of the Counterclaims, Plaintiffs state that such
9  paragraph contains statements or conclusions of law to which no response is required.

10       108.    In response to Paragraph 108 of the Counterclaims, Plaintiffs refer to the Claim,
11 which speaks for itself, and otherwise deny the allegations in this paragraph.

12       109.    In response to Paragraph 109 of the Counterclaims, Plaintiffs state that such
13 paragraph contains statements or conclusions of law to which no response is required.

14       110.    In response to Paragraph 110 of the Counterclaims, Plaintiffs state that such
15 paragraph does not contain allegations, and therefore a response is not required. To the extent a
16 response is required, Plaintiff deny any allegations in this paragraph.

## AFFIRMATIVE DEFENSES

18       111.    The Trustee has failed to state a claim for which relief can be granted.

19       112.    The Trustee's claims are barred, in whole or in part, by the doctrines of consent,
20 ratification, waiver, and/or promissory or equitable estoppel because the transactions at issue and
21 any alleged acts or omissions of LPG or the Plaintiffs, including, without limitation, the LLC
22 Agreement, agreements related to the LLC Agreement including those identified in the Complaint,
23 any acts or omissions in connection with the LLC Agreement and any related agreements, any
24 transfers of property in connection with the LLC Agreement and related agreements, and any alleged
25 failure to were approved and accepted by LPG.

26       113.    The Trustee's claims are barred, in whole or part, by unclean hands. To the extent
27 any of the acts or omissions described in the Complaint are based on any wrongdoing, such
28 wrongdoing was committed by the Debtor and resulted in harm to the Plaintiffs.

114. The Trustee's claims are barred because the Plaintiffs' actions were proper and legal and they acted at all times in good faith, giving reasonably equivalent value.

115. The Trustee's claims and the recovery they seek are barred in whole or in part by the doctrine of unjust enrichment because any recovery would constitute a windfall to the estate.

116. The Trustee's claims and the recovery it seeks is barred in whole or in part by fraud. Among other things, the Debtor induced Plaintiffs to enter into the LLC Agreement and related agreements based upon the representations that it was selling receivables to the Plaintiffs and that it was operating in compliance with all applicable laws.

117. The Trustee's claims related to Pre-Petition Payments are barred, in whole or part, by 11 U.S.C. § 547(c)(2) because such payments were made in the ordinary course of business of the Debtor and Plaintiffs, and were made according to ordinary business terms.

118. The Trustee's claims related to the Post-Petition Transfer is barred, in whole or part, by 11 U.S.C. § 550(b)(1) because the payment was made for value in the form of a payment on a personal guaranty, and by 11 U.S.C. § 550(b)(2) because the payment was received in good faith and without knowledge that the funds originated from the Debtor.

119. To the extent that judgment is entered in favor of the Trustee on Count IV, pursuant to 11 U.S.C. § 548(c), Plaintiffs are entitled to retain an ownership interest in the receivables and a lien at an absolute minimum because they provided value to the Debtor and at all times acted in good faith.

**PRATER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for a judgment dismissing all of the Counterclaims.

-11-

DATED: November 3, 2023          Respectfully submitted,

By  */s/ Razmig Y. Izakelian*
   Eric D. Winston
   Jeremy D. Andersen
   Razmig Y. Izakelian

   *Attorneys for OHP-CDR, LP and PurchaseCo 80, LLC*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017

A true and correct copy of the foregoing documents entitled: Answer to Trustee's Counterclaims, Demand for Jury Trial

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 3, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/3/2023 | Razmig Izakelian | /s/ Razmig Izakelian |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              F 9013-3.1.PROOF.SERVICE

Razmig Izakelian on behalf of Plaintiff OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Yosina M Lissebeck on behalf of Counter-Claimant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Defendant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Defendant Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                               **F 9013-3.1.PROOF.SERVICE**