Christopher Celentino (State Bar No. 131688)
Yosina M. Lissebeck (State Bar No. 201654)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500; Facsimile: 619.400.0501
christopher.ghio@dinsmore.com
christopher.celentino@dinsmore.com
yosina.lissebeck@dinsmore.com

Tyler Powell (Ky. Bar No. 90520 – Admitted pro hac vice)
Dinsmore & Shohl LLP
100 West Main Street, Suite 900
Lexington, KY 40507
Telephone: 859-425-1046
Facsimile: 859-425-1099
tyler.powell@dinsmore.com

Special Counsel to Richard A. Marshack, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

In re:

THE LITIGATION PRACTICE GROUP P.C.,

Debtor.

OHP-CDR, LP, a Texas Limited Partnership, and PURCHASECO 80, LLC, a Delaware Limited Liability Company,

Plaintiffs.

v.

RICHARD A. MARSHACK, Chapter 11 Trustee, and AZZURE CAPITAL, LLC, a New York Limited Liability Company,

Defendants.

Case No.: 8:23-bk-10571-SC

Adv. Proc. No. 8:23-ap-01098-SC

Chapter 11

**DEFENDANT TRUSTEE'S REPLY TO OPPOSITION OF PLAINTIFFS OHP-CDR, LP AND PURCHASECO 80, LLC. TO TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Date: July 31, 2024
Time: 11:00 a.m.
Judge: Hon. Scott C. Clarkson
Place: Courtroom 5C
411 West Fourth Street
Santa Ana, California 92701

RICHARD A. MARSHACK,
Chapter 11 Trustee,

Counterclaimant.

v.

OHP-CDR, LP fka OHP-LPG, LP, a Texas Limited Partnership, and PURCHASECO80, LLC, a Delaware Limited Liability Company,

Counterdefendants.

On June 18, 2024, Defendant and Third Party Plaintiff Richard M. Marshack, Chapter 11 Trustee, by and through his special counsel, filed a Motion for Partial Summary Judgment Against Plaintiff OHP-CDR, LP ("OHP") on Count Two of the Trustee's Counterclaim Against OHP; Declarations and Memorandum of Points and Authorities in Support Thereof [Dkt. 55] ("Motion"). On July 10, 2024, OHP filed its Opposition to the Motion [Dkt. No. 62] ("Opposition"). In support of its Opposition, OHP filed a Statement of Genuine Issues of Fact [Dkt. No. 62-3] ("Statement") and a Declaration and Evidentiary Objections in Support of Opposition to Motion for Partial Summary Judgment (collectively "Evidentiary Objections") [Dkt. No. 62-1 and -4]. A review of the Opposition, Statement, and Evidentiary Objections confirm that the Trustee is entitled to summary judgment on the Motion as a matter of law and no material facts remain in dispute for adjudication by a trier of fact.

To the extent the Court agrees with OHP's Opposition that it raises an issue of material fact requiring further adjudication, this issue is limited to the rebuttable presumption of insolvency during the ninety day period preceding the Petition Date pursuant to 11 U.S.C. § 547(b)(3). In this case, the Court should still grant the Trustee's Motion as to all other elements of 11 U.S.C. § 547(b) and finding that none of the defenses set forth in 11 U.S.C. § 547(c) protect the recording of the Statement from avoidance as a preference.

Finally, in further support of its Motion filed on June 18, 2024, the Trustee has filed simultaneously herewith a Request for Judicial Notice as to the public disciplinary actions of the State Bar of California with respect to the pre-petition actions of Attorney Daniel March as the sole attorney of

the Debtor. The findings of the State Bar are a public record and the order was entered on July 1, 2024.

**SUMMARY OF OBJECTION AND RESPONSE TO EVIDENTIARY OBJECTIONS**

OHP's Opposition does not claim that any defense set forth in 11 U.S.C. § 547(c) protects the Recording of its Statement from avoidance or that the Trustee has failed to prove that he is entitled to judgment as a matter of law with respect to the elements set forth in 11 U.S.C. § 547(b)(1), (2), and (4). Concerning the other two elements, OHP asserts that sufficient evidence exists to rebut the presumption of insolvency afforded to the Trustee pursuant to 11 U.S.C. § 547(b)(3) and argues that the Trustee has failed to meet his burden under 11 U.S.C. § 547(b)(5) to prove that the Recording enabled OHP to receive more than it would have in a hypothetical chapter 7 case if the Recording had not occurred. OHP makes a host of arguments to challenge the Trustee's entitlement to summary judgment as to these two elements of 11 U.S.C. § 547(b); however, these arguments fail as a matter of law and fact. The Trustee is entitled to the relief sought in the Motion.

Before addressing OHP's challenges to the Trustee's proof that the Recording is a preference meeting all the elements of 11 U.S.C. § 547(b), OHP's Evidentiary Objections and Statement should be addressed. With respect to the Evidentiary Objections, these are merely attempts to avoid summary judgment and should be viewed as such. First, as to the challenges of certain statements in the Declaration of Yosina Lissebeck, the Evidentiary Objections fail to mention Federal Rule of Evidence 1006 which permits the use of "a summary …to prove the content of voluminous writings" provided that the document is available for examination. The documents identified and discussed in the Lissebeck Declaration total hundreds of pages of text including exhibits and OHP filed many of these documents with its complaint. The documents speak for themselves and these objections should be overruled. Second, OHP objected to the filing of the Declarations of Joshua Teeple and Nancy Rapoport claiming they were undisclosed expert testimony. The Court just recently set discovery and pre-trial deadlines in this case, including a discovery cut off and motion cut off dates. These cut off dates are months from now. Certainly, the Trustee has not prejudiced OHP in any way by using the declarations and evidence in support

of the summary judgment motions. Moreover, Mr. Teeple was identified as the "Forensic Accountant to the Trustee" as the second person listed in the Trustee's Initial Disclosures with information concerning "all issues alleged in the answer to the complaint and counter-claim[.]" It is unclear how OHP can claim it had no knowledge of Mr. Teeple as a potential witness. Similarly, Nancy Rapoport is not the Trustee's expert witness – she is a third-party professional whose retention was authorized by the Court. All parties in this case have had the ability to contact her and discuss issues related to the ethical requirements of the sale and ongoing operations. That is what her declaration speaks too, which helps everyone understand how things were supposed to have been done. Again, her work and existence was not a secret to OHP who has been very active in this bankruptcy case; indeed, the transcript of the hearing on Ms. Rapoport's employment on July 20, 2023, reflects an appearance, and participation in the hearing, by Razmig Izakelian, counsel to OHP [Dkt. No. 343, P. 76, Lines 4-5]. *See also* Notice of Lodgment of Order Appointing Nancy Rapoport [Dkt. No. 353 in main case served on counsel for OHP]. While Ms. Rapoport is a neutral third party and not employed as an "expert" by the Trustee herein, the Trustee will list Ms. Rapoport as a potential witness going forward out of an abundance of caution.

Similarly, in its Statement, OHP attempts to create disputed material facts where none exist. For example, OHP disputes the implications of undisputed facts rather than whether or not the alleged facts are true. For example, Trustee's Fact 8 states when OHP's financing statement was recorded it was "subordinate to a number of already filed UCC-1 Statements." OHP disputes this facts claiming that a number of these statements were satisfied or have a defect, but this does not address the undeniable truth of the statement that a number of UCC-1 Statements were of record when OHP filed its Statement. There is no allegation regarding the validity or enforceability of these statements – just the statement that a number of UCC-1 statements were already of record before OHP recorded in Statement. Likewise, OHP's objections to statements contained in the Teeple and Rapoport Declarations should be overruled as those Declarations are properly before the Court.

//

//

## I. THE DEBTOR WAS INSOLVENT AT ALL RELEVANT TIMES HEREIN

OHP misstates the requirements of overcoming the presumption of insolvency, which the Trustee cited in his Motion. As set forth in the Trustee's Motion, the Trustee has the presumption of insolvency by operation of law. It is then OHP's burden to overcome that presumption, with sufficient evidence. As stated in the Motion, "sufficient evidence" is "non-speculative evidence that would support a finding that the 'fair' value of [the debtor's] property exceeded [the debtor's] debts [.]" *Good Gateway, LLC v. NRCT, LLC (In re Bay Circle Props., LLC),* 646 B.R. 348, 371 (Bankr. N.D. Ga. 2022). Rather than produce any substantive information or evidence, OHP grabs and grasps at statements scattered in the record of the main bankruptcy case and other adversaries that generally rely on information from the Debtor's pre-petition management whom the Court removed for mismanagement, dishonesty, and malfeasance. Thus, the majority of OHP's "non-speculative evidence" of solvency is based information from sources the Court has already determined to be not credible.

OHP's Opposition identifies many items in the Debtor's Schedules and Statement of Financial Affairs that allegedly show the Debtor's solvency. OHP even argues that the transaction between fellow defendant Azzure Capital, LLC and the Debtor was proof of the Debtor's solvency. Opposition at Page 12, Lines 24-28. While OHP's review of the record was through, this review ignored the fact that the Court already replaced the Debtor's principals with the Trustee based on mismanagement and fails to mention that the Debtor had not only lied about its financial condition to OHP,[1] but also to Azzure.[2] Finally, as a matter of law, statements in the Debtor's schedules are not binding upon the Trustee. *See Pursley v. eCAST Settlement Corp. (In re Pursley),* 451 B.R. 213, 222 (Bankr. M.D. Ga. 2011)(holding a debtor's schedules have no evidentiary value against a trustee) and *In re Burkett*, 329 B.R. 820, 829 (Bankr. S.D. Ohio 2005) (finding the "scheduling of a debt does not constitute an admission by a trustee").

//

[1] See Plaintiffs' Complaint, Exhibit A, Section 7. Management and Covenants Regarding the Operation of the Company and Exhibit C, Section 12. Representations and Warranties.

[2] Proof of Claim No. 127, Page 7, Section 8(a) (no liens on collateral); (g) (no litigation pending against Debtor); and (i) (Debtor not in default with any other lenders).

OHP's Objection treats the Court supervised sale of the Debtor's assets as proof of the viability or solvency of the Debtor's business. Nothing could be further from the truth. This conclusion ignores (i) the reformation of those contracts through the sale process, and (ii) what the Court observed and actually determined in the Sale Order. The Court approved the sale of the Debtor's consumer contracts but only subject to reformation of the contracts to applicable law and to continued oversight. This required oversight is a strong indication that some portion of the Debtor's operations did not comply with applicable law. In its July 10, 2023 Order, the Court recognized this stating "significant allegations have been presented to the Court, many supported by clear evidence, that the pre-petition business model of the Debtor included activities that violated certain federal and state statutes and regulations." [Dkt. No. 206]. Thus, the sale process did not validate or approve of all the Debtor's pre-petition business activities. To the contrary, it found some portion of that business likely violated applicable law. But, the Court did not "throw the baby out with the bath water;" it reformed the consumer contracts and approve their sale subject to ongoing oversight.

Turning to the statements that OHP claims are judicial admissions of the Trustee, OHP does not rely on any statement made in this adversary. Instead, OHP relies on allegations made in the adversary filed in the early days of the case – *Marshack v. Diab et al.*, Adv. Proc. No 8:23-ap-01046-SC ("Diab AP"). OHP states that since the initial filing, and throughout several amendments, the Trustee "alleges . . . that LPG was solvent until February 2023." First, the allegation in the Diab AP is that the Debtor had $150 million in revenue in 2022, which was taken from the Debtor's Statement of Financial Affairs. The Trustee did not allege that LPG was solvent. There are other allegations that make it clear that these funds arose from client ACH pulls, that LPG was misusing that money, that LPG was improperly transferring that money to other parties, and that LPG was insolvent because of these and other acts. The Court heard extensive testimony in this regard prior to entry of the Temporary Restraining Order and Preliminary Injunction ("TRO"), which included the declarations of Russ Squires (docket #5 in the Diab AP) that incorporated by reference the December 2022 declarations and evidence related to the State Court receivership case, which many believe was the catalyst to the LPG bankruptcy filing. Those

December 2022 declarations and evidence show that Debtor's fraudulent scheme of taking ACH pulls and using that money improperly, was already causing debts not to be paid as they became due. It further shows that Validation Partners bought thousands of client files, before OHP did, thereby for sake of argument only "tying up" that AR prior to January 2023.[3] The Court ultimately granted both the TRO and PI, finding in the process that the Trustee would be more likely than not to prevail on the underlying action, which includes avoidance actions depending on insolvency.

Second, the allegations in another adversary proceeding should not have any evidentiary weight in this adversary proceeding. If they do, then the Trustee asserts that this Court should give its own findings of fact and conclusions of law made in the *Marshack v. Clearcube, LLC* adversary proceeding, Adv. Proc. No. 8:24-ap-001002-SC (docket #28), where it found that LPG was insolvent. This finding should be entitled to more weight than a mere allegation concerning revenue contained in the Diab AP. Finally, the Trustee was only authorized to amend the Diab AP as to certain defendants and allegations, based on various motions made by Defendants. The Trustee was unable to completely amend the complaint to update the now well-known facts of this case, that the "revenue" flowing through LPG was at least during the relevant 90-day period was indeed misdirected IOLTA revenue as to which LPG did not have equitable, or legal, title. See Declaration of Nancy Rapoport, [Dkt. No. 55, Page 22-23].[4] However, the Trustee has always intended to bring his own motion seeking to amend and clarify a number of allegations in the Diab AP, including the allegation that LPG had $150 million in "revenue", as the facts have now become clear through investigation and evidence, that money that came into LPG should have been held in IOLTA trust accounts until earned, which LPG never did.

OHP has no "non-speculative" evidence to challenge the Trustee's presumption of insolvency only barely related and misinterpreted allegations found in the Diab AP. The Court should look at the controlling allegations and facts in this adversary, particularly in paragraphs 9-

---

[3] The trustee does not concede that client files or receivables associated with those client files were properly sold and preserves all arguments thereto.

[4] Indeed, in the state bar proceedings in which Mr. March does not contest the surrender of his law license, he conceded his failure to accurately acknowledge that the LPG revenues were trust funds. https://www.ocregister.com/2024/07/16/tustin-attorney-headed-toward-disbarment-for-allegedly-looting-282-million-from-clients/. See FRE 201.

11 of the Trustee's Counterclaim that consumer clients of LPG would pay monthly fees through automatic debits, that these fees were to cover the legal services, and that pursuant to legal and ethical rules these payments should have been held in trust until LPG had earned those fees. These allegations are supported by the Declaration of Nancy Rapoport; Ms. Rapoport's ongoing reports to the Court in the main bankruptcy case, which are incorporated herein by reference; and the state bar outcome vis-à-vis March. In contrast, the Trustee has placed substantial evidence in the record regarding lawsuits pending against the Debtor as of the Petition Date [Dkt. No. 55, Page 188-192], the 14 separate UCC-1 statements of record as of September 1, 2022, as further detailed in the Trustee' Sale Motion [Dkt. No. 191 in the main case], and the competing allegedly secured claims identified in another of the Trustee's other pending adversary [Adv. Pro. No. 8:24-ap-01011]. OHP has no response to the statement in the Declaration of Joshua Teeple that collected fees were rarely, if ever, placed into a trust account. Simply put, OHP has failed to provide any evidence to rebut the statutory presumption of insolvency granted to the Trustee by statute. To the extent the Court determines that OHP has provided "some" evidence to rebut the statutory presumption, the Trustee asserts that he has "come forward with sufficient evidence in order to meet [[his] burden of proving insolvency[.]" in response. *In re Sierra Steel, Inc.,* 96 B.R. 275, 277 (B.A.P. 9th Cir. 1989).

## II. THE RECORDING ENABLED OHP TO RECEIVE MORE THAN IT WOULD IN A HYPOTHETICAL CHAPTER 7 CASE

OHP devotes less than a page to its argument that the Trustee failed to meet his burden under 11 U.S.C. § 547(b)(5) to prove that the Recording enabled OHP to receive more than it would have in a hypothetical chapter 7 case and if the Recording had not occurred. Presumably, this brevity reflects the weakness of the argument given the facts of the case. First, as stated in the Motion and as the Ninth Circuit stated in the case of *In re Lewis W. Shurtleff, Inc.*, 778 F.2d 1416, 1421 (9th Cir. 1985), unless the distribution to creditors in the hypothetical chapter 7 bankruptcy case would be 100% -- any payment or transfer in the preference period "will enable that creditor to receive more than he would have received in a liquidation [.]" OHP has not and cannot claim that the Debtor's creditors would paid in full in a chapter 7 liquidation because this would

obviously be false. If the Debtor filed a chapter 7 case instead of a chapter 11 case, there could have been no sale of assets and there would be no proceeds for OHP to assert a lien against. As the Court itself said at a October 19, 2023 hearing on a motion to surcharge proceeds to pay certain expenses, without the Trustee's successful sale "OHP and other secured creditors wouldn't even have money right now" and would "be talking to a Chapter 7 trustee about how in the world [they are] ever going to get paid."[5]

Because the total amount of sales proceeds is unknown and the priority of other creditors asserting an interest in the proceeds is not settled, the Trustee cannot quantify the benefit that the Recording, if not avoided, would confer on OHP with respect to its claim against the sales proceeds. But, the mere fact that OHP filed this adversary and asserts a colorable interest in the sales proceeds, albeit through an avoidable security interest, is *prima facie* evidence that the Recording enables it to receive more than OHP would have if the Recording had not occurred and the Debtor had filed a chapter 7 bankruptcy.[6]

However, the Court does not have to wait for all competing claims to be addressed to determine that the Recording conferred some benefit on OHP. The Trustee can and has quantified some of the benefits the Recording conferred on OHP in his Answer and Counterclaim. Counts Three and Five of the Counterclaim identify pre- and post-petition payments to or for the benefit of OHP that exceed two million dollars ($2,000,000.00). If the Recording is not avoided and OHP is determined to have a secured claim, some or all of these payments may be protected from avoidance. In a hypothetical chapter 7 bankruptcy case where the Recording did not occur, most, if not all, of these payments would be subject to avoidance as payments made to an insider on an unsecured, antecedent debt. Thus, before the competing claims to the proceeds have been resolved, the Trustee has proven that the Recording, if not avoided, would permit OHP to receive more than it would had the Recording not been filed and had the Debtor filed a chapter 7 bankruptcy case instead.

---

[5] Trustee's Motion To Surcharge Secured Creditors To Pay Management Fees And Expenses Of Resolution Processing, LLC, Dk. No. 545; Hearing at Dk. No. 597.

[6] See Dkt. No. 1225 filed in the main bankruptcy case approving settlement with creditors who filed UCC-1 statements in the preference period and agreed those filings were avoidable.

**CONCLUSION**

Nothing in the Objection changes what the Motion established as a matter of law – the Recording of the Statement was a preference as defined in 11 U.S.C. § 547(b). The Recording is not protected from avoidance by any defense contained in 11 U.S.C. § 547(c), and it is subject to avoidance and preservation for the benefit of the Estate pursuant to 11 U.S.C. § 550 and 551. Accordingly, the Trustee respectfully requests that the Court grant the Motion and all the relief sought therein.

Dated: July 17, 2024

Respectfully submitted,

DINSMORE & SHOHL LLP

By: */s/ Tyler Powell*

Tyler Powell [pro hac vice]
Christopher Celentino
Yosina M. Lissebeck
Special Counsel to Richard A. Marshack, Chapter 11 Trustee for the Bankruptcy Estate of The Litigation Practice Group P.C.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

DINSMORE & SHOHL LLP
100 West Main Street, Suite 900
Lexington, Kentucky 40507

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANT TRUSTEE'S REPLY TO OPPOSITION OF PLAINTIFFS OHP-CDR, LP AND PURCHASECO 80, LLC. TO TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 17, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Razmig Izakelian on behalf of Counter-Defendant OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Counter-Defendant PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff OHP-CDR, LP
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Plaintiff PurchaseCo 80, LLC
razmigizakelian@quinnemanuel.com

Yosina M Lissebeck on behalf of Counter-Claimant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Yosina M Lissebeck on behalf of Defendant Richard A. Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Laila Masud on behalf of Counter-Claimant Richard A. Marshack
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Tyler Powell on behalf of Counter-Claimant Richard A Marshack (TR)
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com

Tyler Powell on behalf of Trustee Richard A Marshack (TR)
tyler.powell@dinsmore.com, jennifer.pitcock@dinsmore.com;rosetta.mitchell@dinsmore.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z. Weiss on behalf of Defendant Azzure Capital LLC
sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

**2. SERVED BY UNITED STATES MAIL**:
On_________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 17, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

Hon. Scott Clarkson
US Bankruptcy Court, Central District of California
411 W. Fourth Street, Suite 5130/Courtroom 5C
Santa Ana, California 92701

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 17, 2024 | Tyler Powell | */s/ Tyler Powell* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |